Filed 4/16/26  P. v. Flores CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086075 |
| v. | (Super.Ct.No. FWV24003164) |
| ISRAEL FLORES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Jon D. Ferguson, Judge.  Affirmed.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Israel Flores appeals from the judgment entered against him by the San Bernardino County Superior Court.  We will affirm.

## BACKGROUND

In September 2024, defendant spent an evening in a motel room visiting and doing drugs with Darious Harvey and Ronnie Coleman.  The following evening, police officers performing a welfare check found Coleman dead in the motel room.  An autopsy concluded that Coleman's death was caused by strangulation.

Defendant was arrested and charged with the murder of Coleman (Pen. Code, § 187, subd. (a))[1] and, in 2025, a jury found him guilty of that charge.  In a bifurcated proceeding, defendant admitted a strike prior and serious felony allegations.  The trial court denied defendant's *Romero* motion[2] seeking dismissal of his strike prior and sentenced him to a prison term of 50 years to life (25 years to life doubled because of the murder conviction).  The court also ordered a $300 victim restitution fine (§ 1202.4), imposed but stayed a $300 parole revocation fine (§ 1202.45), and imposed a court operations fees of $70, consisting of a $40 court security fee (§ 1465.8, subd. (a)(1)) and a $30 criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)).

Defendant appealed and we appointed counsel to represent him.

---

[1] All further statutory references are to the Penal Code.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

## DISCUSSION

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication.

The brief notes that this court is required to review of the record in keeping with the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436, 441–442 and *Anders v. California* (1967) 386 U.S. 738, 742–745. Counsel also lists an *Anders* issue: whether in view of *People v. Kopp* (2025) 19 Cal.5th 1, 31 (*Kopp*), should this case be remanded for an ability to pay hearing with respect to the $40 section 1465.8 security fee and the $30 Government Code section 70373 criminal conviction assessment even though defense counsel did not request an ability to pay hearing when the assessment and fee were being imposed.[3]

Upon receipt of the brief, we offered defendant an opportunity to file any supplemental brief deemed necessary. He did not respond to our invitation.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, 119–120, we have conducted an independent review of the record and find no arguable issues.

---

[3] In *Kopp*, *supra*, 19 Cal.5th at page 31, the California Supreme Court held that, if requested by a defendant, the court must consider the defendant's ability to pay before imposing a court operations assessment under section 1465.8, subdivision (a)(1) and before imposing a court facilities assessment under Government Code section 70373, subdivision (a)(1).

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                    P. J.

We concur:

MILLER
                    J.

CODRINGTON
                    J.

4